UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| BRIAN JAMES HALL, | ) | | |
|---|---|---|---|
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:19-CV-212-HSM-HBG |
| | ) | | |
| J. TWITTY and ROBBIE GOINS, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## **MEMORANDUM & ORDER**

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Docs. 2 & 5] and motion for leave to proceed *in forma pauperis* [Doc. 1].

**I.    FILING FEE**

Plaintiff has failed to submit a certified accounting of his inmate account for the six-month period preceding the filing of his § 1983 complaint, but he alleges that jail officials refused to comply with the Court's order to produce the necessary documents [*See* Docs. 4 & 5-1]. Out of an abundance of caution, the Court will presume from Plaintiff's motion for leave to proceed *in forma pauperis* that he lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 1] will be **GRANTED**.

Because Plaintiff is an inmate in the Campbell County Jail, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account

shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING

### A. PLAINITFF'S ALLEGATIONS

On September 30, 2018, Deputy J. Twitty and Deputy Wilkerson came to Plaintiff's cell at the Campbell County Jail and asked Plaintiff to submit to handcuffs [Doc. 2 p. 4]. Plaintiff complied, and Deputy Twitty tightened the handcuffs to the point it impeded blood flow to Plaintiff's hands [*Id*.]. Deputy Twitty began yelling at Plaintiff and pushing him up the hall, and he grabbed Plaintiff by the hair and pushed his face into the concrete wall, causing injury to Plaintiff's eye and mouth [*Id*.]. Plaintiff asserts that Deputy Wilkerson attempted to stop Deputy Twitty, but that Deputy Twitty continued to push Plaintiff until they reached the booking area, where other officers took photos of Plaintiff's injuries [*Id*.].

### B. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by

2

the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### C. ANALYSIS

Plaintiff's complaint contains no allegations of wrongdoing by Campbell County Sheriff, Robbie Goins, and therefore, Plaintiff has not stated a claim against Defendant Goins. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a

3

claim upon which relief may be granted). Moreover, Plaintiff cannot seek to impose liability on Defendant Goins based on his status as Sheriff, as a court may not impose liability under § 1983 based on a theory of *respondeat superior*. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Accordingly, Defendant Goins will be **DISMISSED**.

However, Plaintiff has alleged a plausible claim that Defendant J. Twitty violated his right to be free from excessive force, and process will **ISSUE** against this defendant.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Plaintiff's claim that Defendant J. Twitty subjected him to excessive force shall **PROCEED**;

6. The Clerk is hereby **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant J. Twitty;

7. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within thirty (30) days of entry of this memorandum and order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

8. Plaintiff is **NOTIFIED** that failure to return the completed service packet within the time required may result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

9. Defendant shall answer or otherwise respond to the complaint and within twenty-one (21) days from the date of service. If Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default;

10. Defendant Robbie Goins is **DISMISSED**; and

11. Plaintiff is **ORDERED** to immediately inform the Court and Defendant or his counsel of record of any address changes in writing.  Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  E.D. Tenn. L.R. 83.13.  Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER:**

    */s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE