## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | | |
|---|---|---|---|
| BRIAN JAMES HALL, | ) | | |
| Plaintiff, | ) ) ) | | |
| v. | ) ) | No.: | 3:19-CV-212-RLJ-HBG |
| J. TWITTY, | ) ) ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION

Defendant has filed a motion for summary judgment in this pro se prisoner's civil rights action for violation of 42 U.S.C. § 1983 [Doc. 31]. Plaintiff has not filed a response to the motion, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1. Upon consideration of the parties' pleadings, the summary judgment evidence, and the applicable law, the Court finds that summary judgment should be **GRANTED** in favor of Defendant, and this action should be **DISMISSED**.

### I. PLAINTIFF'S RELEVANT ALLEGATIONS AND FACTUAL BACKGROUND

Plaintiff was an inmate housed at the Campbell County Jail on September 30, 2018, when Deputy J. Twitty came to Plaintiff's cell and told him to submit to handcuffs [Doc. 2 p. 4]. Plaintiff complied, and Deputy Twitty tightened the handcuffs to the point it impeded blood flow to Plaintiff's hands [*Id.*]. Deputy Twitty began yelling at Plaintiff and pushing him up the hall, and he grabbed Plaintiff by the hair and pushed his face into the concrete wall, causing injury to Plaintiff's eye and mouth [*Id.*]. Deputy Twitty continued to push Plaintiff until they reached the booking area, where other officers took photos of Plaintiff's injuries [*Id.*].

Plaintiff filed the instant suit on or about June 12, 2019 [*Id.* at 6]. After screening Plaintiff's complaint in compliance with the Prison Litigation Reform Act ("PLRA"), the Court found

Plaintiff's allegations sufficient to state a plausible claim against Defendant Twitty for excessive force [Doc. 6].

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is deemed "material" if resolving that fact in favor of one party "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To establish an entitlement to summary judgment, the moving party must demonstrate that the nonmoving party cannot establish an essential element of his case for which he bears the ultimate burden of proof at trial. *Celotex*, 477 U.S. at 322; *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993).

Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate by setting forth specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 323; *Anderson*, 477 U.S. at 249. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," then there is a genuine dispute as to a material fact. *Anderson*, 477 U.S. at 248. If no proof is presented, however, the Court does not presume that the nonmovant "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n.*, 497 U.S. 871, 889 (1990)).

The very purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine issue for trial." Advisory Committee Note to the 1963 Amendments to Rule 56. Indeed, "[t]he amendment is not intended to derogate from the solemnity of the pleadings[;] [r]ather, it recognizes that despite the best efforts of counsel to make his

pleadings accurate, they may be overwhelmingly contradicted by the proof available to his adversary." *Id.* The non-moving party (the plaintiff in this case), must come forward with proof to support each element of his claim. The plaintiff cannot meet this burden with "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986), "conclusory allegations," *Lujan*, 497 U.S. at 888, or by a mere "scintilla" of evidence, *Anderson*, 477 U.S. at 252. It would undermine the purposes of summary judgment if a party could defeat such a motion simply by "replac[ing] conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan*, 497 U.S. at 888. Therefore, in considering a motion for summary judgment, a court must determine whether the non-moving party's allegations are *plausible*. *Matsushita,* 475 U.S. at 586. (emphasis added). "[D]etermining whether a complaint states a plausible claim for relief. . . [is] context-specific[,] . . . requir[ing] the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (discussing plausibility of claim as a requirement to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6)).

A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded, however. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the court is required to, at a minimum, examine the motion to ensure that the movant has met its initial burden. *Id.* In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). The court must "intelligently and carefully review the legitimacy of [] an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Id.* In the absence of a response, however, the Court will not "*sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party." *Id.* at 410. If the court determines that the unrebutted evidence set forth by the moving party

3

supports a conclusion that there is no genuine issue of material fact, the court will determine that the moving party has carried its burden, and "judgment shall be rendered forthwith." *Id.* (alteration omitted).

## III. DISCUSSION

In the instant motion for summary judgment, Defendant alleges that Plaintiff (1) failed to exhaust his administrative remedies in compliance with the Prison Litigation Reform Act ("PLRA") prior to filing this action; and (2) cannot establish that Defendant violated any of Plaintiff's clearly established constitutional rights [Doc. 31].

### A. Exhaustion

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Administrative exhaustion is mandatory, regardless of the type of relief sought, or whether such relief can be granted through the administrative process. *See Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). This mandatory exhaustion requirement is one of "proper exhaustion," which requires a plaintiff to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006).

In his complaint, Plaintiff states that he filed a grievance against Defendant [Doc. 2]. However, Stoney Love, the Captain and Chief Administrator of the Campbell County Jail, testifies that Plaintiff failed to exhaust "the jail's grievance procedures before filing the present lawsuit" [Doc. 33-2 ¶ 5]. Plaintiff has not rebutted this testimony. In fact, Plaintiff implies in his complaint that the use of force was under investigation at the time he filed this action [Doc. 2 p. 3].

4

Accordingly, the Court finds that Plaintiff did not properly exhaust his available administrative remedies prior to filing the instant suit, and Defendant is entitled to summary judgment.

### B.     Excessive Force

Although not necessary to the disposition of this matter, the Court will, out of an abundance of caution, consider Defendant's defense of qualified immunity. Qualified immunity protects governmental employees from individual, civil liability as long as their conduct does not violate clearly established "constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An evaluation of qualified immunity requires the Court to conduct a three-pronged inquiry: (1) whether there was a constitutional violation; (2) whether the violated right was "clearly-established;" and (3) whether the official's actions were objectively unreasonable. *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999).

For a right to be clearly-established, "at the time of the officer's conduct, the law [must have been] sufficiently clear such that 'every reasonable official would understand what he is doing is unlawful.'" *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). Once qualified immunity has been pleaded by a defendant, the plaintiff bears the burden of rebutting the defense by showing both "that the challenged conduct violated a constitutional or statutory right, and that the right was so clearly established at the time of the conduct 'that every reasonable official would have understood that what he [was] doing violate[d] that right.' *T.S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014) (citing *Ashcroft*, 563 U.S. at 741). In short, it is a defense that protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Plaintiff's claim that he was assaulted by a prison guard in an act of excessive force implicates the Eighth Amendment's prohibition against cruel and unusual punishment. *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002). In determining whether a prison official has violated

5

the Eighth Amendment's prohibition against excessive force, courts apply a two-part inquiry that is made up of subjective and objective components: (1) "whether force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm," i.e. the subjective component; and (2) whether the conduct, in context, is sufficient serious to offend "contemporary standards of decency," i.e., the objective component. *Hudson v. McMillan*, 503 U.S. 1, 6, 9 (1992).

The subjective prong requires consideration of the need for the use of force, the relationship between that need and the force used, the threat reasonably perceived by the official, and the extent of the injury. *Hudson*, 503 U.S. at 7. To satisfy the objective component, an inmate need not prove a serious injury to prove cruel and unusual treatment, but the extent of the injury may be probative of whether the force was plausibly "thought necessary" in the situation. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). However, "not every malevolent touch by a prison guard" creates a federal claim, and *de minimis* uses of physical force that are not repugnant to the conscience of mankind do not violate the Eighth Amendment. *Id*. (quoting *Hudson*, 503 U.S. at 9). In fact, the good faith use of physical force in pursuit of a valid penological objective will rarely, if ever, violate the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986); *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

Here, the competent summary judgment evidence suggests that Plaintiff was attempting to light something on fire in his cell, and, when questioned by Defendant, took an aggressive stance toward Defendant, who then restrained Plaintiff with handcuffs [Doc. 33-1]. While Plaintiff alleges in his complaint that the handcuffs were too tight, he does not establish that Defendant tightened the handcuffs so as to wantonly inflict pain, nor does he even establish that Defendant was aware of Plaintiff's discomfort.

The undisputed evidence also shows that while Defendant was escorting Plaintiff to booking, Plaintiff he attempted to pull away from Defendant, who then placed Plaintiff against the wall within a minimum amount of force to avoid a "head butt" from Plaintiff [*Id*.]. Plaintiff has not rebutted this evidence, which demonstrates that that Defendant's actions were taken in a good-faith effort to maintain or restore discipline. Additionally, despite Plaintiff's initial claim that he was injured as a result of his interaction with Defendant, jail records do not reflect that he ever requested medical treatment for any injuries related to the incident [Doc. 33-2 ¶ 12]. Accordingly, the Court finds that no genuine issue of material fact exists as to whether Defendant Twitty subjective Plaintiff to the use of excessive force, and Defendant is entitled to summary judgment.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment [Doc. 31] will be **GRANTED**, and this action will be **DISMISSED WITH PREJUDICE**. The Court hereby **CERTIFIES** that any appeal from this order would not be taken in good faith. Thus, should Plaintiff file a notice of appeal, this Court will **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER**.

ENTER:

s/ Leon Jordan
United States District Judge